<table>
<tr><td><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____ Chapter __7__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| 1. | **Debtor's name** | **Alta Mesa Energy, LLC** |
|----|----|----|

| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
|----|----|----|

| 3. | **Debtor's federal Employer Identification Number** (EIN) | **45-1674374** |
|----|----|----|

| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
|----|----|----|----|
| | | **16600 Park Row, Suite 158 Houston, TX 77084** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Harris** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| 5. | **Debtor's website** (URL) | |
|----|----|----|

| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ |
|----|----|----|

Debtor  **Alta Mesa Energy, LLC**
_____
Name

Case number (*if known*) _____

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__2111__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **SEE ATTACHED SCHEDULE 1** | Relationship | _____ |
|---|---|---|---|
| District | _____ When _____ | Case number, if known | _____ |

Debtor    **Alta Mesa Energy, LLC**                                    Case number (*if known*) _____
_____
          Name

**11.  Why is the case filed in**    *Check all that apply:*
    **this district?**
■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
   preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or**    ■ No
    **have possession of any**    ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
    **real property or personal**
    **property that needs**
    **immediate attention?**    **Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
   livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

        Contact name _____

        Phone _____

---

■     **Statistical and administrative information**

**13.  Debtor's estimation of**    .    *Check one:*
    **available funds**
☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of**    ■ 1-49                    ☐ 1,000-5,000              ☐ 25,001-50,000
    **creditors**          ☐ 50-99                   ☐ 5001-10,000             ☐ 50,001-100,000
                 ☐ 100-199                 ☐ 10,001-25,000           ☐ More than100,000
                  ☐ 200-999

**15.  Estimated Assets**    ■ $0 - $50,000            ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
             ☐ $50,001 - $100,000      ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
             ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
             ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million    ☐ More than $50 billion

**16.  Estimated liabilities**    ■ $0 - $50,000            ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
             ☐  $50,001 - $100,000     ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
             ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
             ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million    ☐ More than $50 billion

Debtor **Alta Mesa Energy, LLC**  
　　Name

Case number (*if known*) _____

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 24, 2020**  
　　　　　　　　MM / DD / YYYY

**X** **/s/ Scott Ricks**  
Signature of authorized representative of debtor

**Scott Ricks**  
Printed name

Title   **Authorized Representative**

---

**18. Signature of attorney**

**X** **/s/ RANDY W. WILLIAMS**  
Signature of attorney for debtor

Date **January 24, 2020**  
　　　MM / DD / YYYY

**RANDY W. WILLIAMS**  
Printed name

**Byman & Associates PLLC**  
Firm name

**7924 Broadway, Suite 104**  
**Pearland, TX 77581**  
Number, Street, City, State & ZIP Code

Contact phone   **281-884-9262**     Email address   **rww@bymanlaw.com**

**21566850 TX**  
Bar number and State

## PETITION - SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtors and Affiliates of the Debtors

Each of the affiliated entities listed below, including the debtor in this chapter 7 case (collectively, the "Debtors"), filed a petition with this Court for relief under chapter 7 of the Bankruptcy Code.

| Debtor Name | Date File | District |
| --- | --- | --- |
| Alta Mesa Acquisition Sub, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Alta Mesa Drilling, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Alta Mesa Energy, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Alta Mesa GP, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| AM Idaho, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| AM Michigan, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| AMH Energy New Mexico, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Aransas Resources, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| ARI Development, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Brayton Management GP II, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Brayton Resources II, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Brayton Resources, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Buckeye Production Company, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Cairn Energy USA, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| FBB Anadarko, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Galveston Bay Resources, LP | 1/24/2020 | Southern District of Texas, Houston Division |

| | | |
|---|---|---|
| High Mesa Holdings GP, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| High Mesa Holdings, L.P. | 1/24/2020 | Southern District of Texas, Houston Division |
| High Mesa Services, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| High Mesa, Inc. | 1/24/2020 | Southern District of Texas, Houston Division |
| HMS Kingfisher Holdco, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| LEADS Resources, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Louisiana Exploration & Acquisition LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Louisiana Onshore Properties, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Navasota Resources Ltd. LLP | 1/24/2020 | Southern District of Texas, Houston Division |
| Nueces Resources, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Petro Acquisitions, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Petro Operating Company, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| Sundance Acquisition, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| TEA Energy Services | 1/24/2020 | Southern District of Texas, Houston Division |
| Texas Energy Acquisitions, LP | 1/24/2020 | Southern District of Texas, Houston Division |
| The Meridian Production, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| The Meridian Resource and Explorations, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| The Meridian Resource, LLC | 1/24/2020 | Southern District of Texas, Houston Division |
| Virginia Oil and Gas, LLC | 1/24/2020 | Southern District of Texas, Houston Division |

On September 11, 2019, each of the affiliated entities listed below (collectively, the "**Initial Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas. The chapter 11 cases of the Initial Debtors are being jointly administered at Case Number 19-35133 (MI).

| DEBTOR | CASE NUMBER | RELATIONSHIP |
|---|---|---|
| Alta Mesa Resources, Inc. | 19-35133 | Ultimate Parent |
| Alta Mesa Holdings, LP | 19-35134 | Affiliate |
| Alta Mesa Holdings GP, LLC | 19-35135 | Affiliate |
| OEM GP, LLC | 19-35136 | Affiliate |
| Alta Mesa Finance Services Corp. | 19-35137 | Affiliate |
| Alta Mesa Services, LP | 19-35138 | Affiliate |
| Oklahoma Energy Acquisitions, LP | 19-35139 | Affiliate |

On January 12, 2020, each of the affiliated entities listed below (collectively, the "**KFM Debtors**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas These chapter 11 cases and the Initial Debtors' cases are being jointly administered at Case Number 19-35133 (MI).

| COMPANY |
|---|
| Kingfisher Midstream, LLC |
| Kingfisher STACK Oil Pipeline, LLC |
| Oklahoma Produced Water Solutions, LLC |
| Cimarron Express Pipeline, LLC |

In addition, January 20, 2020, SRII Opco GP, LLC and SRII Opco, LP, affiliates of the Initial Debtors and the KFM Debtors, each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. These chapter 11 cases, KFM Debtors and the Initial Debtors' cases are being jointly administered at Case Number 19-35133 (MI).

3

**Fill in this information to identify the case:**

Debtor name **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 24, 2020__          X __/s/ Scott Ricks__
                                          Signature of individual signing on behalf of debtor

                                          __Scott Ricks__
                                          Printed name

                                          __Authorized Representative__
                                          Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

High Mesa Holdings, LP ("**HMH**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**")[1] filed for chapter 7 (the "**Chapter 7 Cases**") and in connection therewith have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements, pursuant to section 521 of Chapter of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and are unaudited.

In fact, there was limited data available to the Debtors, their management and professionals to prepare the Schedules and Statements. First, as a result of transactions between the Debtors and various Alta Mesa Resources, Inc. ("**Alta Mesa**") entities that are currently in chapter 11, the Debtors do not have the underlying data prior to January 1, 2019 for their assets or the financial transactions related thereto. The Debtors were furnished with summary information and trial balances and used that information beginning January 1, 2019 to create books for the Debtors.

In addition, the Debtors retained the services of Opportune LLC ("**Opportune**") to provide the accounting and financial functions of the Debtors beginning January 1, 2019, and the underlying data from January 1, 2019 to date is held and in the possession of Opportune. When Opportune was asked to provide the Debtors professionals with access to its own data, they were denied unless and until past obligations of the Debtor from 2018 were satisfied. The Debtors' professionals were able to download some of the Opportune maintained data through a connection that was ultimately terminated by Opportune when the download was discovered. Because of liquidity issues and pending litigation, the Debtors had to move forward with the chapter 7 filings with the data and information available.

---

[1] The Debtors in these Chapter 7 cases are as follows: ALTA MESA ACQUISITION SUB LLC, ALTA MESA DRILLING LLC, ALTA MESA ENERGY LLC, ALTA MESA GP LLC, AM IDAHO LLC, AM MICHIGAN LLC, AMH ENERGY NEW MEXICO LLC, ARANSAS RESOURCES LP, ARI DEVELOPMENT LLC, BRAYTON MANAGEMENT GP II LLC, BRAYTON RESOURCES II LP, BRAYTON RESOURCES LP, BUCKEYE PRODUCTION COMPANY LP, CAIRN ENERGY USA LLC, FBB ANADARKO LLC, GALVESTON BAY RESOURCES LP, HIGH MESA HOLDINGS GP LLC, HIGH MESA HOLDINGS LP, HIGH MESA INC, HIGH MESA SERVICES LLC, HMS KINGFISHER HOLDCO LLC, LEADS RESOURCES LLC, LOUISIANA EXPLORATION & ACQUISITION LP, LOUISIANA EXPLORATION AND ACQUISITIONS PARTNERSHIP LLC, LOUISIANA ONSHORE PROPERTIES LLC, NAVASOTA RESOURCES LTD LLP, NEW EXPLORATION TECHNOLOGIES COMPANY LLC, NUECES RESOURCES LP, PETRO ACQUISITIONS LP, PETRO OPERATING COMPANY LP, SUNDANCE ACQUISITION LLC, TE TMR LLC, TEA ENERGY SERVICES LLC, TEXAS ENERGY ACQUISITIONS LP, THE MERIDIAN PRODUCTION LLC, THE MERIDIAN RESOURCE AND EXPLORATIONS LLC, THE MERIDIAN RESOURCE LLC, TMR DRILLING LLC, TMR EQUIPMENT LLC, VIRGINIA OIL AND GAS LLC. The location of the Debtors' corporate headquarters and service address is 16600 Park Row, Suite 158, Houston, TX.

While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the data and information that was available at the time of preparation, subsequent information or discovery could provide more information about the items identified in the Schedules and Statements, and inadvertent errors or omissions may have occurred. As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, as well as the fact that underlying historical data has not been provided by Alta Mesa and/or Opportune, these Schedules and Statements are as complete as practicable.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

The Schedules and Statements for the Debtors are signed by Scott Ricks, Authorized Representative of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ricks necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Ricks has not and could not personally verify the accuracy of each statement and/or representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors. classification of such amounts, and creditors' addresses. The Debtors' accounting, finance and land management systems, such as they existed given the Debtors relationship with Alta Mesa and Opportune, were used to manage and track oil and gas production with a secondary focus on the creation of consolidated and consolidating financial statements. As such, certain assets, liabilities, or cash payments may have been reported on one legal entity in these Schedules and Statements, while the beneficiary of the transaction may have been another Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors, and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors and their professionals expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors, or their agents, attorneys, and financial advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, or financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. **Description of Cases.** On January 24, 2020, (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The Debtors will be filing a *Motion for Joint Administration* directing joint administration of the chapter 7 cases. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor filed its own Schedules and Statements. The information provided therein, except as otherwise noted, is reported as of the Petition Date of each respective Debtor, as appropriate.

2. **Reservations and Limitations.** Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 7 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   (a) **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the right to dispute any claim or assert any cause of action or defense against any party.

   (b) **Recharacterization.** Notwithstanding that the Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.

   (c) **Categories or Labels for Purpose of Presentation in Schedules and Statements**. Information requested by the Schedules and Statements requires the Debtors to make a judgment regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed.

   (d) **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the right to

recharacterize or reclassify such claim or contract.

**Claims Description.** Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."

(e)     **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f)     **Causes of Action.** Despite commercially reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.

(g)     **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only.

(h)     **Royalties**. The leases owned by the Debtors exist in some cases in long producing oil and gas fields. Although royalty payments have been made, payments may have been uncashed, and others may have been unpaid because the current living owners are unknown.

(i)     **P&A Liability**. The Debtors own wells that are at the end of life and may be subject to imminent plugging and abandonment liabilities. The Debtors have made an estimation as to the amount of what these liabilities might be.

**3.     Methodology.**

(a)     **Basis of Presentation.** The Debtors relied on Opportune, an outside firm, to maintain Debtor's books and records. As such, critical books of account and

records were unavailable to Debtors and Debtors' advisors, including but not limited to the following deficiencies and hindrances:

- Books, records and general ledger accounts of all known current and former affiliates, including both Debtor and non-Debtor entities, were not available for examination. Additionally, some entities and affiliates were determined as having no known assets or claims.

- In examining available general ledger accounts, it appeared that not all transactions included account detail and certain transaction descriptions could be deciphered. Additionally, it appeared that there occurred extensive use of specialized or intermediary suspense accounts. Accordingly, Debtors' advisors were prevented from confirming corresponding transactions and classifications and therefore, prohibited from achieving a reconciliation of transactions. Further, Debtors' advisors were prevented from establishing a systematic approach to identifying transactions as ordinary course of business or accurately estimate revenue.

- Due to the lack of information or data, these Schedules and Statements rely on analysis which focused on transaction activity from HMH to other Debtors and not necessarily inter-Debtor or intra-Debtor transactions besides those occurring from HMH to other Debtors.

- Due to the opacity of the aforementioned details, Debtors' advisors cannot reasonably ascertain that they have fully captured all transactions of interest as requested in these Schedules and Statements. Additionally, some transactions have been classified, characterized, categorized, or designated giving benefit to the likelihood of the Court's interest in knowledge of such transactions without the certainty to accuracy of such classification, characterization, categorization or designation.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("GAAP"), nor are they intended to fully reconcile to the financial statements prepared by the Debtors. These Schedules and Statements reflect the best available estimate of assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the limited data extracted from the available Debtors' books and records and historical financial statements. Where possible, HMH has presented its oil and gas interests as real property, net of dispositions, depletion and impairments. The fair value and net realizable value of real and personal property may vary materially from the net book value presented herein.

Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that a Debtor was

solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that a Debtor was insolvent as of the Petition Date or any time prior to the Petition Date.

All asset and liability information, except where otherwise noted, is reflected through September 30, 2019.

(b)    **Confidential Information.** There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Generally, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.

(c)    **Master Agreements.** Contracts and leases listed in the Schedules and Statements may be master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(d)    **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(e)    **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values where possible. **In certain instances, debtors' advisors were not provided with sufficient underlying details and schedules in order to properly assess book value.** Additionally, Market values may vary, in some instances, materially, from net book values presented as of September 30, 2019.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(f)     **Undetermined Amounts.** The description of an amount as "unknown," is not intended to reflect upon the materiality of such amount.

(g)     **Unliquidated Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated." The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

(h)     **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(i)     **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. To the extent possible, any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(j)     **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

**Intercompany Claims.** The Debtors maintain business relationships with each other, conducting transactions from time to time that result in intercompany receivables and payables and/or are on account of capital contributions, equity investments, or distributions on account of equity investments. Known and assumed prepetition receivables and payables among and between the Debtors are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. The listing of any amounts with respect to such receivables and

payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

(k)     **Guarantees and Indemnification Claims.** The Debtors have exercised commercially reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees or indemnification claims have been identified, they have been included in the relevant Schedules E/F, G and H for the affected Debtor. The Debtors may have inadvertently omitted guarantees or indemnifications embedded in their contractual agreements and may identify additional guarantees or indemnifications as they continue to review their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified. In addition, the Debtors have entered into certain guarantees of debt and other obligations of other Debtors. The Debtors do not track these guarantees and thus have not listed them.

(l)     **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.     **Specific Schedules Disclosures**.

(a)     **Schedules Summary**. Except as otherwise noted, the asset and liability totals represent amounts through September 30, 2019. The Company closes its books quarterly. Based on the size of the Company, the scope of its operations and internal accounting resources, a monthly close is not performed.

(b)     **Schedule A/B – Parts 1 & 2 - Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' bank accounts are provided in the Debtors' Schedules.

(c)     **Schedule A/B, Part 3 – Accounts Receivable, Item 11.** The Debtors' reported accounts receivable through September 30, 2019. Also, accounts receivable includes amounts that may be uncollectible. The Debtors are unable to determine with certainty what amounts will actually be collected.

(d)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as unknown amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(e)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Debtors did not maintain an asset depreciation schedule.

(f)     **Schedule A/B, Part 8 – Machinery, equipment, & vehicles.** Debtors did not maintain an asset depreciation schedule.

(g)     **Schedule A/B, Part 9 – Real Property.** For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. Any buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Certain of the instruments reflected on Schedule A/B 55  may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B 55 is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B 55, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument, including any intercompany agreement.

(h)     **Schedule A/B, Part 11 – All Other Assets.** Debtors did not maintain an asset depreciation schedule.

(i)     ***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including* Counterclaims *of the Debtors and Rights to Setoff Claims.*** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, credits, rebates, or refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

(j)     **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D and reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, some of the Debtors may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

**Schedule E/F – Creditors Who Have Unsecured Claims.**

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a commercially reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts' payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding certain compensation-related claims of insiders of the Debtors, with such claims being listed as "contingent," "unliquidated," and/or "disputed." In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Additionally, due to Opportune's denied access to records, Debtor is unable to provide confirmation of transaction activity past September 30, 2019. Accordingly, the information contained in Schedules D and

E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

(k)     **Schedule G – Executory Contracts and Unexpired Leases.** While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, relationships between the Debtors and their vendors are often governed by a master services agreement, under which the Debtors also place work and purchase orders, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(l)     **Schedule H – Co-Debtors.** The Debtors **have** made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "**Guaranties**") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors providing such Guaranties. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or E/F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.

5.   **Specific Statements Disclosures.**

(a)      **Statements, Part 1, Question 1 – Income.** Due to the circumstances outlined previously, the Debtors cannot accurately estimate income for 2019 or year to date.

(b)      **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days.** The dates set forth in the "Dates" column relate to one of the following: (i) the date of a wire transfer; (ii) the date of an "ACH" processing; or (iii) the check date.  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates and certain non-debtor affiliates. Consequently, for the purpose of this schedule, payments are recorded on the Debtor's Statements, Part 2, Question 3, based on the Debtor's bank account owned.

Payments to the Debtors' bankruptcy professionals, insiders, intercompany transactions, wage garnishments and donations are not included in the payments to creditors. Payments to the aforementioned parties are included in the following locations within the Statements: bankruptcy professionals (Question 11), insider (Question 4), intercompany (Question 4).

(c)      **Statements, Part 2, Question 4 – Payments and Transfers to Insiders.** To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4. Business travel arrangements, including flights and hotels, for certain of the Debtors' directors and officers have been paid for by the Debtors' corporate credit card. Such payments are listed in the response to Question 4 on the Statements.

(d)      **Statements, Part 2, Question 6 – Setoffs.**  The Debtors routinely incur setoffs and net payments and record offsets in the ordinary course of business. Such setoffs, nettings and offsets may occur due to a variety of transactions or disputes including, but not limited to, joint- interest billings, intercompany transactions, counterparty settlements, pricing discrepancies, warranties, refunds, negotiations, or disputes between the Debtors and their operating partners or suppliers. These ordinary course setoffs and nettings are common to the industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, ordinary course set-offs are excluded from the Debtors' responses to Question 6 of the Statements

(e)      **Statements, Part 3, Question 7 – Legal Actions or Assignments**. The Debtors do not know of any workers' compensation claims in response to this question. However, if any become known the Debtors maintain that disclosure would be in violation of certain laws including HIPAA (Health Insurance Portability and Accountability Act of 1996).

(f)     **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.** The payments provided in Question 11 are reported for the joint representation of the Debtors. The Debtors believe that it would be an inefficient use of the assets of the estates to allocate these payments on a Debtor-by-Debtor basis.

(g)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtors to their respective directors and officers are listed on the attachment to Question 4.

**6.     <u>Predecessor Business Combinations</u>**

Certain transactions were consummated on February 8, 2018 that resulted in Alta Mesa's acquisition of interests in Alta Mesa Holdings, LP ("**<u>AMH</u>**"), Alta Mesa Holdings GP, LLC and Kingfisher Midstream, LLC. Prior to the closing of the transaction, AMH was controlled by Debtor entity High Mesa, Inc. ("**<u>HMI</u>**").  During the fourth quarter of 2017, AMH sold certain oil and gas assets and liabilities. Immediately prior to the closing of the transaction, AMH distributed oil and gas assets and liabilities to HMH.

Alta Mesa has alleged that High Mesa Services LLC ("HMS"), a subsidiary of HMI is the obligor under two promissory notes in the principal amount of $1.5 million and $8.5 million. Alta Mesa has claimed that as of December 31, 2018, approximately $1.7 million and $11.7 million, respectively, were outstanding under the promissory notes including the accumulated interest cost. When the $1.5 million promissory note allegedly became due on February 28, 2019, HMS made no payment as HMI disputes that it has any obligation to pay the $1.5 million promissory note and the $8.5 million promissory note to Alta Mesa. Alta Mesa is pursuing remedies in connection with securing repayment of the past due promissory note by HMS and the $8.5 million promissory note, which allegedly matured on December 31, 2019.

Alta Mesa distributed oil and gas assets to a subsidiary of HMI, and certain subsidiaries of HMI agreed to indemnify and hold Alta Mesa harmless from any liabilities associated with those oil and gas assets, regardless of when those liabilities arose. Alta Mesa also entered into a management services agreement (the "MSA") with HMI whereby Alta Mesa agreed to provide management services to HMI which included both operational and administrative functions. At December 31, 2018, Alta Mesa alleged that HMI owed approximately $10.0 million, which Alta Mesa claimed included amounts owed (i) under the MSA, (ii) from a duplicate revenue payment made to HMI and (iii) pursuant to payables arising prior to the transaction. Subsequent to year-end, Alta Mesa billed HMI an additional $0.9 million for incremental MSA costs incurred and received approximately $1.0 million in payments toward all amounts outstanding. HMI has disputed certain of these amounts. Alta Mesa is pursuing remedies under applicable law in connection with repayment of this receivable.

Additionally, Alta Mesa is co-guarantor under certain surety bonds with HMI, including bonds that cover oil and gas assets owned by them. The surety has requested posting of collateral, which includes HMI surety bonds in an amount of approximately $15 million.

**These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

| Schedule A/B 47 | Vehicles: Vehicles listed are reported to be titled to the Debtor. There are other vehicles that may be in control of a Debtor entity which were not properly transferred following the transaction. The Debtor reserves all rights regarding the vehicles that may be in Debtor's possession but not properly titled and transferred and may amend these schedules as appropriate. |
|---|---|

**Fill in this information to identify the case:**

Debtor name **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals
12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.............................................................................................. $       **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................................ $       **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.............................................................................................. $       **0.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $       **0.00**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................................... $       **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................ +$       **0.00**

4. **Total liabilities** ....................................................................................................
   Lines 2 + 3a + 3b       $       **0.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☑ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☑ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor __Alta Mesa Energy, LLC__                     Case number *(If known)* _____
         Name

☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ■ No.  Go to Part 8.
   ☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ■ No.  Go to Part 9.
   ☐ Yes Fill in the information below.

| Part 9: | Real property |
54. **Does the debtor own or lease any real property?**

   ■ No.  Go to Part 10.
   ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No.  Go to Part 11.
   ☐ Yes Fill in the information below.

| Part 11: | All other assets |
70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No.  Go to Part 12.
   ■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. | **Trusts, equitable or future interests in property** | |
| 77. | **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| | **Intercompany Accounts Receivable** | **Unknown** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   **Alta Mesa Energy, LLC**                                           Case number *(If known)* _____
         Name

78.   **Total of Part 11.**

      Add lines 71 through 77. Copy the total to line 90.

      | $0.00 |
      | --- |

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

      ☒ No
      ☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor    **Alta Mesa Energy, LLC**                                     Case number *(If known)* _____
           Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.......................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Alta Mesa Energy, LLC**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF TEXAS__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name   **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an
    amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **$0.00** |
|---|---|---|---|---|

**Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346**

*Check all that apply.*

☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?

■ No
☐ Yes

| 2.2 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **$0.00** |
|---|---|---|---|---|

**Texas Comptroller of Public
Accounts
Lyndon B. Johnson State Office
Building
111 East 17th Street
Austin, TX 78774**

*Check all that apply.*

☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?

■ No
☐ Yes

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Alta Mesa Energy, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**EVANGELINE NATURAL RESOURCES LLC**
**323 TWIN RIVER DRIVE**
**COVINGTON, LA 70433-8505**

■ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**Intercompany Accounts Payable**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00** |
|---|---|---|---|

**THE MERIDIAN RESOURCE AND**
**EXPLORATIONS L**
**16600 Park Row Dr Suite 158**
**Houston, TX 77094**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ | 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name  **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                   12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property*
(Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Assignment & PSA - Turtle Bayou Ramos** | |
| | State the term remaining | **Eff.: 7/27/2018** | **Delbo Holdings LLC** |
| | List the contract number of any government contract | | **P.O. Box 1063** **Tomball, TX 77377** |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Purchase and sale agreement** | |
| | State the term remaining | | **Delbo Holdings LLC** |
| | List the contract number of any government contract | | **P.O. Box 1063** **Tomball, TX 77377** |
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **Assignment** | |
| | State the term remaining | **Eff.: 01/15/2016** | **EVANGELINE NATURAL RESOURCES LLC** |
| | List the contract number of any government contract | | **323 TWIN RIVER DRIVE** **COVINGTON, LA 70433-8505** |
| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | **Purchase and Sale Agreement** | |
| | State the term remaining | **Eff.: 01/15/2016** | **EVANGELINE NATURAL RESOURCES LLC** |
| | List the contract number of any government contract | | **323 TWIN RIVER DRIVE** **COVINGTON, LA 70433-8505** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor 1 **Alta Mesa Energy, LLC**

First Name          Middle Name          Last Name

Case number *(if known)*

 **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **Assignment** | |
|---|---|---|---|
| | State the term remaining | **Eff.: 01/15/2016** | **THE MERIDIAN RESOURCE & EXPLORATION LLC** |
| | List the contract number of any government contract | | **16600 Park Row, Suite 158** |
| | | | **HOUSTON, TX 77084** |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Purchase and Sale Agreement** | |
|---|---|---|---|
| | State the term remaining | **Eff.: 01/15/2016** | **THE MERIDIAN RESOURCE & EXPLORATION LLC** |
| | List the contract number of any government contract | | **16600 Park Row, Suite 158** |
| | | | **HOUSTON, TX 77084** |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Assignment** | |
|---|---|---|---|
| | State the term remaining | **Eff.: 07/15/2009** | **THE MERIDIAN RESOURCE AND EXPLORATIONS L** |
| | List the contract number of any government contract | | **16600 Park Row Dr Suite 158** |
| | | | **Houston, TX 77094** |

| 2.8. | State what the contract or lease is for and the nature of the debtor's interest | **Assignment** | |
|---|---|---|---|
| | State the term remaining | **Eff.: 07/15/2009** | **THE MERIDIAN RESOURCE AND EXPLORATIONS L** |
| | List the contract number of any government contract | | **16600 Park Row Dr Suite 158** |
| | | | **Houston, TX 77094** |

**Fill in this information to identify the case:**

Debtor name  **Alta Mesa Energy, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)  _____

☐ Check if this is an
amended filing

Official Form 206H
## Schedule H: Your Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|

| | Name | Mailing Address | Name | *Check all schedules that apply:* |
|---|---|---|---|---|
| 2.1 | _____ | Street _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.2 | _____ | Street _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.3 | _____ | Street _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |
| 2.4 | _____ | Street _____ <br> City    State    Zip Code | _____ | ☐ D <br> ☐ E/F <br> ☐ G |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Alta Mesa Energy, LLC**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF TEXAS__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2020** to **Filing Date** | ☑ Operating a business<br>☐ Other _____ | **Unknown** |
| **For prior year:**<br>From  **1/01/2019** to **12/31/2019** | ☑ Operating a business<br>☐ Other _____ | **Unknown** |
| **For year before that:**<br>From  **1/01/2018** to **12/31/2018** | ☑ Operating a business<br>☐ Other _____ | **Unknown** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☑ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| | | |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☑ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

| Debtor | **Alta Mesa Energy, LLC** | Case number *(if known)* |
|---|---|---|

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. | Alta MesaResources, Inc.and AltaMesa  Holdings,LP, Debtors.<br>Joseph Hayes Jr., etal., Plaintiffs v. Alta Mesa Resources, Inc., Defendants; Alta Mesa Resources, Inc., et al., Third Party Plaintiffs v. High Mesa Holdings, LP, et al.<br>Adv. 19-03631 | Declarator Judgment as to Indemnity | United States Bankruptcy Court<br>Southern District of Texas<br>515 Rusk<br>Houston, TX 77002 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor    **Alta Mesa Energy, LLC**                                    Case number *(if known)* _____

---

**Part 5:**    **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

**Part 6:**    **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **Delbo Holdings LLC**<br>**P.O. Box 1063**<br>**Tomball, TX 77377**<br><br>Relationship to debtor | **Turtle Bayou Ramos Prospect: Leases, Wells, Contracts** | **7/27/2018** | **Unknown** |
| 13.2. | **Delbo Holdings LLC**<br>**P.O. Box 1063**<br>**Tomball, TX 77377**<br><br>Relationship to debtor | **Purcahse and sale agreement** | | **Unknown** |

**Part 7:**    **Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

Debtor   **Alta Mesa Energy, LLC**                                    Case number *(if known)*

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **15021 Katy Freeway Suite 400 Houston, TX 77094** | **To 1/31/2019** |

**Part 8:     Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■  No. Go to Part 9.
    ☐  Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:     Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■  No.
    ☐  Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■  No. Go to Part 10.
    ☐  Yes. Does the debtor serve as plan administrator?

**Part 10:     Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor  **Alta Mesa Energy, LLC** _____  Case number *(if known)* _____

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
□ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
□ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
□ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor   __Alta Mesa Energy, LLC_____     Case number *(if known)*   _____

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **Opportune**<br>**711 Louisiana Suite 3100**<br>**Houston, TX 77002** | **1/29/2019-1/10/2020** |
| 26a.2.   **Ronald J. Smith,Chief Accounting Officer**<br>**Alta Mesa Services**<br>**15021 Katy Fwy, Suite 400**<br>**Houston, TX 77094** | **2/9/2018-1/31/2019** |
| 26a.3.   **Michael A McCabe,Chief Financial Officer**<br>**Alta Mesa Services**<br>**16600 Park Row, Suite 158**<br>**Houston, TX 77084** | **2/9/2018-1/31/2019** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **Opportune**<br>**711 Louisiana Suite 3100**<br>**Houston, TX 77002** | **1/29/2019-1/10/2020** |

| Name and address | Date of service From-To |
|---|---|
| 26b.2.   **PricewaterhouseCoopers LLP**<br>**1000 Louisiana Street Suite 5800**<br>**Houston, TX 77002** | **2/1/2019-Present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Opportune**<br>**711 Louisiana Suite 3100**<br>**Houston, TX 77002** | **Opportune locked Debtors from accessing their data in BOLO accounting software.** |
| 26c.2.   **PricewaterhouseCoopers LLP**<br>**1000 Louisiana Street Suite 5800**<br>**Houston, TX 77002** | |
| 26c.3.   **Alta Mesa Services**<br>**15021 Katy Freeway, Suite 400**<br>**Houston, TX 77094** | **Debtors books and records prior to 2/1/2019 have not been produced by Alta Mesa Resources other than the aged trial balance which was submitted directly to Opportune in February 2019.** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

Debtor   **Alta Mesa Energy, LLC**                          Case number *(if known)*

---

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| High Mesa Holdings, LP | 16600 Park Row, Suite 158 Houston, TX 77084 | Member | 100% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Scott Ricks | 16600 Park Row, Suite 158 Houston, TX 77084 | Authorized Representative | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| High Mesa Holdings, LP | EIN:     82-2011080 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

---

Debtor   **Alta Mesa Energy, LLC**                                  Case number *(if known)*

---

**Part 14:**   Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 24, 2020**

**/s/ Scott Ricks**                                          **Scott Ricks**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor   **Authorized Representative**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

# United States Bankruptcy Court
## Southern District of Texas

In re __Alta Mesa Energy, LLC__ _____
                                    Debtor(s)

Case No. _____
Chapter   __7__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **High Mesa Holdings, LP**<br>**16600 Park Row, Suite 158**<br>**Houston, TX 77084** | | **100%** | **Member** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Representative** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.


Date   __January 24, 2020__ _____

Signature __/s/ Scott Ricks__ _____
           __Scott Ricks__

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Southern District of Texas

In re   **Alta Mesa Energy, LLC**

Debtor(s)

Case No.

Chapter   **7**

# VERIFICATION OF CREDITOR MATRIX

I, the Authorized Representative of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **January 24, 2020**

**/s/ Scott Ricks**
**Scott Ricks/Authorized Representative**
Signer/Title

Delbo Holdings LLC
P.O. Box 1063
Tomball, TX 77377


EVANGELINE NATURAL RESOURCES LLC
323 TWIN RIVER DRIVE
COVINGTON, LA 70433-8505


Intercompany Accounts Payable


Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346


Texas Comptroller of Public Accounts
Lyndon B. Johnson State Office Building
111 East 17th Street
Austin, TX 78774


THE MERIDIAN RESOURCE & EXPLORATION LLC
16600 Park Row, Suite 158
HOUSTON, TX 77084


THE MERIDIAN RESOURCE AND EXPLORATIONS L
16600 Park Row Dr Suite 158
Houston, TX 77094

# United States Bankruptcy Court
## Southern District of Texas

In re **Alta Mesa Energy, LLC**
_____
Debtor(s)

Case No. _____
Chapter   **7**  _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Alta Mesa Energy, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**High Mesa Holdings, LP**
**16600 Park Row, Suite 158**
**Houston, TX 77084**

☐ None [*Check if applicable*]

**January 24, 2020**
_____
Date

**/s/ RANDY W. WILLIAMS**
_____
**RANDY W. WILLIAMS**
Signature of Attorney or Litigant
Counsel for   **Alta Mesa Energy, LLC**
**Byman & Associates PLLC**
**7924 Broadway, Suite 104**
**Pearland, TX 77581**
**281-884-9262**
**rww@bymanlaw.com**